By the Court.
While the answer and cross-petition of John S. Jones filed in this action contains irrelevant, redundant and immaterial matter, and while there are no averments therein contained that would entitle the cross-petitioner to have the judgment against him in this action upon his liability as a stockholder of the insolvent corporation opened up and set aside or the collection thereof enjoined, and no averments therein that would entitle him to have opened up and set aside the allowance and approval of the claim of Henry D. Turney, yet if the averments of this answer and cross-petition that are copied into the above statement of facts are sustained by the proofs, then the cross-petitioner is entitled to an accounting with Henry D. Turney in accordance with the terms and provisions of the written agreement, the substance of which is pleaded in the cross-petition.
*126 If these claims were in fact purchased by Henry D. Turney, after this written contract was made and entered into between himself and John S. Jones, notwithstanding that Henry D. Turney advanced his own money for that purpose, they were purchased for the equal benefit of himself and John S. Jones, and the same is true of all claims purchased or paid by John S. Jones. The fact that these claims purchased by Henry D. Turney under such an agreement with his associate Jones, if they were so purchased, were afterwards presented and their full face value allowed in this action as valid and existing claims against this insolvent corporation, does not divest the cross-petitioner of his joint interest with Turney therein. These claims having been approved and allowed in this action, the cross-petitioner is therefore entitled to assert his interest therein in this suit upon distribution, and should not be required to bring a separate action therefor.
It further appearing that the ascertaining of the respective rights of the cross-petitioner and Henry D. Turney in the claims presented and allowed, involves an accounting between said parties, such accounting should be had in this action as to all the transactions covered by this contract, and this would include the moneys paid and expended both by Jones and Turney under the terms of this contract in the settlement and discharge of claims against this insolvent corporation, together with all moneys that either has paid or may be compelled to pay into court in the satisfaction and payment of claims allowed, together with all costs taxed generally against the funds in the hands of the *127 receiver, but not including any costs that are now or may hereafter be adjudged specifically against either of said parties.
For the reasons above stated the judgment of the circuit court is reversed, and the cause is remanded to that court with directions to overrule the demurrer to this answer and cross-petition.

Judgment reversed.

Nichols, C. J., Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.